IN THE UNITED STATES BANKRUPTCY COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

HOUSTON DIVISION

|  |  |
|---|---|
| IN RE ) | |
| ) | |
| LUIS LANDAVERDE, ) | CASE NO. 06-33438-H3-13 |
| ) | |
| Debtor, ) | |
| ) | |

MEMORANDUM OPINION

The court has held a hearing on the "Debtor's Emergency Motion for Continuation of the Automatic Stay Pursuant to 11 U.S.C. Section 362(c)(3)(B)" (Docket No. 6) filed in the above captioned case.  The following are the Findings of Fact and Conclusions of Law of the court.  A separate Judgment will be entered denying the motion.  To the extent any of the Findings of Fact are considered Conclusions of Law, they are adopted as such. To the extent any of the Conclusions of Law are considered Findings of Fact, they are adopted as such.

Findings of Fact

Luis Landaverde ("Debtor") filed a voluntary petition under Chapter 13 of the Bankruptcy Code on July 28, 2006.

Debtor was also the debtor in Case No. 06-31202-H3-13 (the "First Case").  Debtor filed the petition in the First Case on March 29, 2006.  In the First Case, Debtor proposed a plan calling for him to make payments of $1,725.97 per month, for 60

months.  (Docket No. 18, Case No. 06-31202-H3-13).

On June 16, 2006, the Chapter 13 Trustee filed a motion to dismiss the First Case, asserting that Debtor had failed to make the payments called for under the plan, that Debtor had not submitted to an examination by the Trustee's accountant of his financial records, and had not provided to the Trustee copies of his 2004 and 2005 tax returns.  (Docket No. 32, Case No. 06-31202-H3-13).  The motion was granted, by order entered July 27, 2006 (Docket No. 38, Case No. 06-31202-H3-13), one day before the date of filing of the petition in the instant case.

Despite the facts that Debtor had filed the petition in the First Case four months earlier, had been in bankruptcy the day before the date of filing of the petition in the instant case, and was represented in the First Case by the same attorney as in the instant case, Debtor did not file schedules, a statement of financial affairs, or a statement of current monthly income with the petition in the second case.  Debtor filed a plan two days after the date of filing of the petition, calling for him to make payments of $2,188.17 per month.  (Docket No. 8).

Debtor filed schedules and a statement of financial affairs on August 23, 2006, the date first set for the hearing on the instant motion, twenty-six days after the date of filing of the petition.  (Docket Nos. 21, 22).  Although Debtor testified at the hearing on the instant motion that his wife is employed,

her employment and income are not listed on Debtor's schedule I.

Debtor filed a statement of current monthly income on August 24, 2006, twenty-seven days after the date of filing of the petition. (Docket No. 25). The statement of current monthly income omits the income of Debtor's wife.

Debtor testified that he believed the first case was dismissed because he was working outside of Houston, Texas, as a truck driver, and thus was unable to do necessary papers, including preparation of his 2005 tax return. He testified that he has changed jobs, driving a truck within the Houston area, with the same company he has worked for since 1998.

## Conclusions of Law

Section 362(c)(3)(A) of the Bankruptcy Code provides that the automatic stay shall terminate on the 30th day after the filing of a case if the debtor has had a case pending within the preceding one-year period.

Section 362(c)(3)(B) of the Bankruptcy Code provides that the court may extend the stay, on motion of a party in interest, if the party "demonstrates that the filing of the later case is in good faith as to the creditors to be stayed."

Section 362(c)(3)(C)(i)(III) of the Bankruptcy Code provides that a case is presumptively filed not in good faith if there has not been a substantial change in the financial or personal affairs of the debtor since the dismissal of the next

most previous case or any other reason to conclude that the later case will be concluded with a confirmed plan that will be fully performed.

The burden of proof as to whether there has been a change of circumstances or other reason to believe that the new case will result in a confirmed plan is on the Debtor. In re Charles, 334 B.R. 207 (Bankr. S.D. Tex. 2005).

In the instant case Debtor has not carried his burden of proof to demonstrate a change of circumstances since the dismissal of the First Case that will permit Debtor to perform his duties in the second case. The only change in circumstances to which Debtor can point is that he is working in town as opposed to out of town. The schedules in the second case were filed late, and are inaccurate. The second case was filed one day after the previous case was dismissed.

Under Section 362(c)(3)(C) of the Bankruptcy Code, the presumption that a case is not filed in good faith may be rebutted by clear and convincing evidence. 11 U.S.C. § 362(c)(3)(C).

In the instant case, Debtor has failed to rebut the presumption that the case was not filed in good faith. The court concludes that the instant motion should be denied.

Based on the foregoing, a separate Judgment will be entered denying the "Debtor's Emergency Motion for Continuation

of the Automatic Stay Pursuant to 11 U.S.C. Section 362(c)(3)(B)" (Docket No. 6)

Signed at Houston, Texas on August 25, 2006.

LETITIA Z. CLARK
UNITED STATES BANKRUPTCY JUDGE